Lucy E. Mason (SBN 196810)
Sara Tropea (SBN 227270)
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone:   415.544.1900
Facsimile:   415.391.0281

Attorneys for Defendant
AVENTIS PHARMACEUTICALS INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| NELVIN MCDERMOTT, personally and as guardian ad Litem for Anna Marie Irena and Christopher McDermott,<br><br>          Plaintiffs,<br>     v.<br><br>CENTOCOR RESEARCH AND DEVELOPMENT INC. a Pennsylvania Corporation, AVENTIS PHARMACEUTICALS CORPORATION a Delaware Corporation, DOES 2 through 10 and ROE Corporations 1 through 10,<br><br>          Defendants. | Case No. 07-cv-00586-LKK-DAD<br><br>**DEFENDANT AVENTIS PHARMACEUTICALS INC.'S STATUS REPORT** |

Aventis Pharmaceuticals Inc. ("API") respectfully submits the following Status Report.

**A.    Party Representation**

API is represented by Lucy E. Mason, Esq. and Sara Tropea, Esq. of Shook, Hardy & Bacon LLP.

**B.    Summary of Facts and Legal Theories**

Plaintiffs' Claims

Plaintiff Nelvin McDermott and his three minor children allege that their wife and mother, Decedent Khai McDermott, was prescribed and took Arava® and Remicade, prescription drugs

123233V3

1  manufactured by Defendants API and Centocor Research and Development Inc., respectively. Plaintiffs further allege that Decedent became ill and ultimately died on June 24, 2005 as a result of ingesting these two products, which Plaintiffs contend are inherently and unreasonably dangerous.

Plaintiffs allege battery, negligence, and failure to warn.  Specifically, Plaintiffs allege that Defendants failed to "fully advise the [D]ecedent of the possible dangers" of taking the two medications, which amounted to a tortious battery.  Plaintiffs allege that Defendants breached their duty to manufacture and sell safe products and that breach caused Decedent's death.  Plaintiffs further allege that Defendants failed to warn Plaintiffs and Decedent of the potential harm and proper administration of the medications, and that Decedent subsequently died as a result of taking the two medications.

Defendant API's Claims

This is a products liability action involving the prescription drug Arava® (leflunomide), a disease-modifying anti-rheumatic drug ("DMARD").  Arava® was approved by the United States Food and Drug Administration ("FDA") on September 10, 1998 as safe and effective when used in accordance with the FDA-approved prescribing information for the treatment of active rheumatoid arthritis ("RA").  API manufactures and distributes Arava® for use in accordance with its FDA-approved prescribing information and subject to the warnings, precautions, contraindications, and other information stated therein.

API denies that Arava® is either defective or unreasonably dangerous and denies that it is liable to Plaintiffs.

**C.     Progress in Service of Process**

API has not been formally served with process, but instead was served pursuant to Cal. Code of Civ. Proc. § 415.30 with a Notice and Acknowledgment of Receipt for Co-Defendant Centocor Research and Development Inc.  However, API has filed an answer with this Court.

**D.     Possible Joinder of Additional Parties**

API does not anticipate joining any additional parties in this action.

**E.     Amendments of Pleadings**

API does not now anticipate amending any pleadings it has filed thus far, but has reserved the right to amend its answer to assert additional affirmative defenses as new facts become available.

**F.     Basis for Jurisdiction and Venue**

Jurisdiction is proper based on 28 U.S.C. § 1332(a).  Venue is proper because a substantial part of the events giving rise to the claim occurred in the City and County of Sacramento, where Decedent and Plaintiffs lived at the time Decedent died in June 2005.

**G.     Anticipated Motions**

API filed Pro Hac Vice Applications for Harvey L. Kaplan and John F. Kuckelman, and anticipates filing a Motion for Summary Judgment and pretrial Motions in Limine.  Plaintiffs' counsel has indicated that he will not oppose API's Pro Hac Vice Applications.

**H.     Anticipated Discovery**

The parties have agreed to waive the Fed. R. Civ. P. 26(f) conference and initial disclosures under Fed. R. Civ. P. 26(a)(1), and instead proceed with traditional discovery.

**I.     Future Proceedings**

 1.   Discovery Deadlines

   a.   Recommended Deadline for Completion of Fact Discovery:

       i.   The parties have agreed to waive initial disclosures required by Fed. R. Civ. P. 26(a)(1):

       ii.  Filing all discovery motions and completing all discovery except as to experts:   March 14, 2008

   b.   Disclosure of Expert Reports:

       i.   Plaintiffs:    April 4, 2008
       ii.  Defendants:   June 3, 2008

   c.   Completion of Expert Discovery:    June 30, 2008

 2.   Dispositive Motions:   July 31, 2008
 3.   Pretrial Conference:   November 3, 2008
 4.   Trial:                 December 1, 2008

**J.     Appropriateness of Special Procedures**

API will not consent to a Magistrate Judge.

**K.   Trial by Jury**

API demands a trial by jury.

**L.   Trial Estimate**

API estimates 15-20 court days for the trial of this matter.

**M.   Modifications of Standard Pretrial Procedures**

Standard pretrial procedures are appropriate in this case.

**N.   Related Cases**

There are no other related cases.

**O.   Settlement Judge**

API will not stipulate to the trial judge acting as settlement judge.

**P.   Voluntary Dispute Resolution Program ("VDRP")**

API elects not to participate in the court's VDRP but instead will consider participating in private mediation after initial discovery is conducted.

**Q.   Other Matters**

None at this time.

Dated: May 24, 2007                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By:       */s/ Sara Tropea*
          LUCY E. MASON
          SARA TROPEA

Attorneys for Defendant
AVENTIS PHARMACEUTICALS INC.