TUCKER ELLIS & WEST LLP
MICHAEL C. ZELLERS - State Bar No. 146904
PETER E. SCHNAITMAN - State Bar No. 218982
SARAH C. TRANKIEM - State Bar No. 235031
515 South Flower St., Suite 4200
Los Angeles, California 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
MICHAEL.ZELLERS@TUCKERELLIS.COM
PETER.SCHNAITMAN@TUCKERELLIS.COM

Attorneys for Defendant
CENTOCOR, INC. (erroneously sued as
CENTOCOR RESEARCH AND
DEVELOPMENT, INC.)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELVIN MCDERMOTT, personally and as guardian ad litem for Anna Marie, Irena and Christopher McDermott,<br><br>  Plaintiff,<br><br> v.<br><br>CENTOCOR RESEARCH AND DEVELOPMENT, INC., a Pennsylvania Corporation, AVENTIS PHARMACEUTICALS CORPORATION, a Delaware Corporation, DOES 2 through 10 and ROE Corporations 1 through 10,<br><br>  Defendants. | Case No.  2:07-CV-00586-LKK-DAD<br>(Assigned to Judge Lawrence K. Karlton)<br><br>**DEFENDANT CENTOCOR, INC.'S STATUS REPORT** |

///

///

///

///

1.
**DEFENDANT CENTOCOR, INC.'S STATUS REPORT**

The parties to the above-entitled action have met and conferred as required pursuant to Fed. R. Civ. P. 26(f). Defendant Centocor, Inc. (erroneously sued as Centocor Research and Development, Inc.) submits this Status Report and requests the Court to adopt it as its case management order in this case.

## DESCRIPTION OF THE CASE

1. **Counsel**: Defendant Centocor, Inc. is represented as follows:

   a.  Michael C. Zellers
       Peter E. Schnaitman
       Sarah C. Trankiem
       TUCKER ELLIS & WEST LLP
       515 South Flower, Suite 4200
       Los Angeles, California 90071-2223
       Telephone: (213) 430-3400
       Facsimile:  (213) 430-3409

2. **Summary of the Facts**: Plaintiffs allege that Khai McDermott, was administered Remicade®, a drug manufactured, marketed, and sold by Defendant Centocor, Inc., and Arava®, a drug manufactured, marketed, and sold by Defendant Aventis Pharmaceuticals Inc, and died as a result. Plaintiffs, Khai McDermott's widower and children, have asserted four causes of action.

Defendant Centocor, Inc. has asserted the following key defenses: (1) Centocor denied that any conduct, act or omission of Centocor is grounds for liability to Plaintiffs or that any conduct, act or omission of Centocor, or of any person or entity for whose acts or omissions Centocor are legally responsible, proximately caused or contributed in whole or in part to the alleged injuries or damages to Plaintiffs; (2) Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. §301 *et seq.*, and regulations and rules promulgated thereunder; (3) Plaintiffs' claims based on an alleged failure by Centocor to warn Plaintiffs directly of alleged dangers associated with the use of the subject pharmaceutical product at issue are barred because Centocor has discharged its duty to warn in its warnings to the prescribing physicians, under the

TUCKER ELLIS & WEST LLP
515 South Flower Street
Suite 4200
Los Angeles, CA 90071-2223

LAimanage/30180/01094/590003/1

2.
DEFENDANT CENTOCOR, INC.'S STATUS REPORT

learned intermediary doctrine; (4) Centocor provided adequate "direction or warnings" as to the use of the subject pharmaceutical product at issue within the meaning of Comment j to § 402A of the Restatement (Second) of Torts; and (5) Centocor made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs and are nevertheless not subject to liability for implied warranties without privity.

3. **Legal Issues**: Defendant Centocor, Inc. contends that the core legal issues in dispute involve preemption, general and specific causation, proximate causation, adequacy of warning, express or implied warranties, and the learned intermediary doctrine. *See* 21 U.S.C. § 301 *et seq.*; 15 U.S.C. § 41 *et seq.* Centocor may bring a motion for summary judgment and/or summary adjudication to address these issues.

4. **Service of Process**: All named parties have been served with the complaint.

5. **Additional Parties**: The parties do not anticipate the joinder of any additional parties.

6. **Amendment of Pleadings**: The last day to amend pleadings shall be November 2, 2007.

7. **Jurisdiction and Venue**: This case was removed from the Sacramento Superior Court to this Court pursuant to 28 U.S.C. §§1441. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because this is a civil action in which the amount in controversy for each individual plaintiff exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## ALTERNATIVE DISPUTE RESOLUTION

8. **ADR Plan**: The parties have discussed ADR methods. Defendants Centocor, Inc. and Aventis Pharmaceuticals Inc. are open to mediation.

9. **Voluntary Dispute Resolution Program**: Defendant Centocor, Inc.'s counsel understands and has explained the local Voluntary Dispute Resolution Program [VDRP] to Defendant. Defendant has carefully considered whether this case might benefit from participation in the VDRP and would participate in the program.

TUCKER ELLIS & WEST LLP
515 South Flower Street
Suite 4200
Los Angeles, CA 90071-2223

3.
**DEFENDANT CENTOCOR, INC.'S STATUS REPORT**

LAimanage/30180/01094/590003/1

## DISCOVERY

10. **Disclosures**: The parties have decided to waive the exchange of Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  No other discovery has been conducted.

11. **Discovery Plan**: This is a wrongful death action in which Plaintiffs assert that decedent Khai McDermott died as a result of taking the prescription drug Remicade®. Discovery is necessary regarding: (1) the association of Remicade® to the decedent's death, (2) Defendants' knowledge of such association, if any, (3) facts of the incident and who was at fault, if anyone, and (4) the nature and extent of Plaintiffs' damages.

The parties anticipate requesting this Court to enter a Protective Order to govern the production of confidential documents.

    a. The parties agree to follow the timing and limits of discovery set forth in the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.  Both parties reserve the right, should the need arise in the future, to request a further Order from this Court either allowing additional discovery or providing additional restrictions or limits.

    b. At this early stage in the litigation, neither Plaintiffs nor Defendants have identified all of the key witnesses (other than counsel and retained experts) that they may use to support their claims or defenses.  Defendant plans to supplement their Disclosures pursuant to Rule 26 to identify such individuals as they are identified.  At this time, Defendant Centocor, Inc. identifies the following key witnesses:

        (1) Plaintiffs Nelvin McDermott, Anna Marie McDermott, Irena McDermott, and Christopher McDermott;

        (2) Khai McDermott's treating physicians; and

        (3) Expert witnesses.

    c. All fact discovery shall be completed by March 14, 2008.

    d. All expert discovery shall be completed by June 30, 2008.

TUCKER ELLIS & WEST LLP
515 South Flower Street
Suite 4200
Los Angeles, CA 90071-2223

4.
**DEFENDANT CENTOCOR, INC.'S STATUS REPORT**

LAimanage/30180/01094/590003/1

e. Expert disclosures will be provided in accordance with Fed. R. Civ. Proc. 26(a)(2). Plaintiffs' expert witness disclosures shall be submitted on or before April 1, 2008. Defendants' expert witness disclosures shall be submitted on or before June 3, 2008.

## TRIAL SCHEDULE

12. **Jury Demand**: Defendants have timely demanded a trial by jury.

13. **Motions**: Defendant Aventis Pharmaceuticals Inc. plans on filing motions for pro hac vice admission. The last day to hear dispositive motions shall be July 31, 2008.

14. **Discovery**: Defendant Centocor, Inc. proposes the following guidelines and deadlines for conducting discovery:

   a. All fact discovery shall be completed March 14, 2008.

   b. All expert discovery shall be completed by June 30, 2008.

15. **Pretrial Conference**: The Pretrial Conference will take place on November 2008.

16. **Trial**: The parties request a trial setting at the Court's convenience in December 2008. Trial is anticipated to last 15-20 days.

## OTHER ISSUES

17. **Magistrate Judge**: Defendant Centocor, Inc. respectfully declines the assignment of this case to a Magistrate Judge.

18. **Other References**: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

19. **Settlement Judge**: Defendant Centocor, Inc. will stipulate to the trial judge acting as settlement judge and waive any disqualification by virtue thereof.

20. **Related Cases**: Defendant Centocor, Inc. is not presently aware of any other actions involving the pharmaceutical drug Remicade® that allege injury due to the development of small cell carcinoma/lymphoma pending in the Eastern District of California.

TUCKER ELLIS & WEST LLP
515 South Flower Street
Suite 4200
Los Angeles, CA 90071-2223

5.
**DEFENDANT CENTOCOR, INC.'S STATUS REPORT**

LAimanage/30180/01094/590003/1

DATED:  May 29, 2007                             TUCKER ELLIS & WEST LLP


                                                 By: /S/  Peter E. Schnaitman
                                                     Peter E. Schnaitman
                                                     Attorneys for Defendant
                                                     CENTOCOR, INC. (erroneously sued as
                                                     CENTOCOR RESEARCH AND
                                                     DEVELOPMENT, INC.)
                                                     PETER.SCHNAITMAN@TUCKERELLIS.COM

TUCKER ELLIS & WEST LLP
515 South Flower Street
Suite 4200
Los Angeles, CA 90071-2223

6.
**DEFENDANT CENTOCOR, INC.'S STATUS REPORT**
LAimanage/30180/01094/590003/1

**CERTIFICATE OF SERVICE**

I, Maria Valdez, declare as follows:

I am employed with the law firm of Tucker Ellis & West LLP, whose address is 515 South Flower St., Suite 4200, Los Angeles, California 90071-2223.  I am over the age of eighteen years, and am not a party to the within action.

On May 29, 2007, I served the following: **DEFENDANT CENTOCOR, INC.'S STATUS REPORT** on the interested parties in this action by:

   __X__   **ELECTRONICALLY VIA ECF** the above-entitled document to be served electronically through the United States District Court, Eastern Division ECF website on April 25, 2007 addressed to all parties appearing on the Court's ECF service list.  The file transmission was reported as complete and a copy of the "Filing Receipt" page will be maintained with the original document in our office.

   __X__   **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Los Angeles, California on May 29, 2007.

                                        /S/
                                   Maria Valdez

TUCKER ELLIS & WEST LLP
515 South Flower Street
Suite 4200
Los Angeles, CA 90071-2223

**CERTIFICATE OF SERVICE**

LAimanage/30180/01094/590003/1